UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE: )
)
Barry O'Neil Graves, )   Case No. 12-10313C-13G
)
Debtor. )

OPINION AND ORDER

This case came before the court on July 24, 2012, for hearing on the Motion of the United States Bankruptcy Administrator for Examination of Debtor's Transactions with Debtor's Attorney and Request for Determination of Reasonable Fee and Whether Counsel is Disinterested ("Motion") (Docket #25).  Robert E. Price, Jr., appeared on behalf of the Bankruptcy Administrator ("BA"), Edward C. Boltz appeared as attorney for the Debtor and Jennifer R. Harris appeared on behalf of the Chapter 13 Trustee, Anita Jo Kinlaw Troxler.  Having considered the Motion and the evidence and arguments offered at the hearing, the court makes the following findings and conclusions pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

MATTER BEFORE THE COURT

The Motion was prompted by the undisputed fact that in February of 2012, the Debtor's attorney of record, John T. Orcutt, received a payment of $1,400 from the Debtor which is described in the Debtor's statement of financial affairs as payment for "attorney fee from previous case."  The BA asserts that such payment was a preferential transfer under section 547 of the

Bankruptcy Code and, among other things, argues that if the attorney is not disqualified as a result of having received such payment, that the attorney's fee in this case should be reduced by the amount of the $1,400 payment. The Debtor's attorney denies that the payment was a preferential transfer but argues alternatively that if the payment were a preferential transfer, such transfer is not avoidable because new value was provided by the firm following the transfer within the meaning of section 547(c)(4).

FACTS

The Orcutt firm represented the Debtor in a previous chapter 13 case that was commenced in February of 2010 in the United States Bankruptcy Court for the Eastern District of North Carolina (Case No. 10-01448-8-JRL). That case was dismissed in July of 2010. At the time of the dismissal, the Debtor had paid only a portion of the attorney fee of the Orcutt firm and a balance of $1,400 remained unpaid. In approximately February of 2012, the Debtor again sought the services of the Orcutt firm for a bankruptcy filing. The policy of the Orcutt firm is that the firm will not file a chapter 13 case for a debtor who did not pay the full amount of the firm's attorney fee in a previous case unless the debtor first pays any unpaid balance from the previous case. Consistent with this policy, the $1,400 received by the Orcutt firm in February represented the unpaid balance of the fee owed by the

Debtor from his previous case. After receiving this payment, the Orcutt firm accepted employment by the Debtor and commenced the present chapter 13 case on behalf of the Debtor on March 8, 2012. In doing so, the Orcutt firm performed various services related to the commencement of this case such as conferring with and advising the Debtor regarding his financial situation, preparing the schedules, formulating a proposed plan and filing the required documents with the court. The Orcutt firm has applied for the base attorney fee of $3,500, of which $155 has been received from the Debtor. (Docket #2). The $3,500 fee sought in this case encompasses the above-described services that were provided by the Orcutt firm in commencing this case. Although a plan has been confirmed in this case, the confirmation order provides that the determination of the allowance of an attorney fee shall be by separate order of the court.

ANALYSIS

1. The Debtor's February 2012 transfer of $1,400 to the Orcutt Firm is a preference under 11 U.S.C. § 547(b)

The Trustee must prove seven elements to successfully establish and recover a transfer as preferential: (1) a transfer, (2) of an interest in property of the debtor, (3) to or for the benefit of a creditor, (4) for or on account of an antecedent debt, (5) the transfer was made while the debtor was insolvent, (6) made on or within 90 days before the date of the filing of the bankruptcy petition, and (7) that enabled the creditor to receive

more than it would otherwise have received if the transfer had not been made and the case had proceeded under Chapter 7 of the Bankruptcy Code. 11 U.S.C.A. § 547(b). The undisputed facts reflect that the February 2012 transfer is a preference: the Debtor made a $1,400 transfer to the Orcutt Firm, a creditor, on account of an antecedent debt owed by the Debtor. The transfer was made within the ninety days before the date of the bankruptcy filing while the Debtor is presumed, and appears to have in fact been insolvent. See 11 U.S.C. § 547(f); In re Nationwide Tower Co., 2008 WL 2472935 (Bankr. W.D. Ky. 2008) (statutory presumption that the debtor has been insolvent on or during the 90 days immediately preceding the date of the filing of the bankruptcy petition). Further, in examining the Claims Register in the Debtor's bankruptcy, it is clear that the transfer enabled the Orcutt Firm to receive more than it would have received had it been scheduled as an unsecured creditor in the Debtor's bankruptcy (the estimated dividend to unsecured creditors is zero percent). Accordingly, all elements of a preference are present in this case, and the transfer is avoidable unless one of the affirmative defenses in section 547(c) applies.

2. The Orcutt Firm is not entitled to assert a section 547(c)(4) new value defense

Section 547(c)(4) exempts a transfer to a creditor from recovery by the Trustee as a preference "to the extent that, after such transfer, such creditor gave new value to or for the benefit

of the debtor...." 11 U.S.C. § 547(c)(4). A creditor must establish three elements in order to successfully assert "subsequent new value" defense to preference-avoidance claim: (1) creditor must have received a transfer that is otherwise voidable as preference; (2) creditor, after receiving this preferential transfer, must have advanced new value to debtor on an unsecured basis; and (3) debtor must not have fully compensated creditor for this new value as of date that bankruptcy petition is filed. Id.; In re Winstar Commc'ns, Inc., 554 F.3d 382 (3d Cir. 2009). While new value may include services provided by an attorney or other creditor, post-petition goods or services provided to a debtor do not qualify as "new value" for purposes of new value exception to a preferential transfer claim. In re Smith Min. and Material, LLC, 405 B.R. 589 (Bankr. W.D. Ky. 2009); Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.), 850 F.2d 1275, 1284 (8th Cir. 1988) (post petition goods or services provided to a debtor in possession do not qualify as "new value" for purposes of § 547(c)(4); In re Phoenix Restaurant Group, Inc., 317 B.R. 491 (Bankr. M.D. Tenn. 2004); Field v. Maryland Motor Truck Assoc. Workers Compensation Self-Insurance Group (In re George Transfer, Inc.), 259 B.R. 89, 96 (Bankr. D. Md. 2001) ("Unfortunately for the defendant, its refund to the debtors does not qualify under Section 547(c)(4) as 'new value' because it was made postpetition. Indeed, this Court has found no case decided

under Section 547(c)(4) that permitted a transferee to successfully defend an action for the recovery of a preference based upon a subsequent advance that was made postpetition."), citing Schwinn Plan Comm. v. AFS Cycle & Co. Ltd. (In re Schwinn Bicycle Co.), 205 B.R. 557 (Bankr. N.D .Ill. 1997); Clark v. Frank B. Hall & Co. of Colo. (In re Sharoff Food Serv., Inc.), 179 B.R. 669, 678 (Bankr. D. Colo. 1995); Wallach v. Vulcan Steam Forging (In re D.J. Mgmt. Grp.), 161 B.R. 5 (Bankr. W.D.N.Y. 1993); Wolinsky v. Central Vermont Teachers Credit Union (In re Ford), 98 B.R. 669 (Bankr. D.Vt. 1989); Warsco v. Ryan (In re Richards), 92 B.R. 369 (Bankr. N.D. Ind. 1988); Cullen v. TDK Elec. Corp. (In re Antinarelli Enter., Inc.), 76 B.R. 247 (Bankr. D. Mass. 1987); Official Labor Creditors Comm. v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.), 80 B.R. 544 (S.D. Fla. 1987).

The foregoing cases make it clear that the Orcutt firm is not entitled to a new value defense based upon services that were provided after the petition in this case was filed. Under the particular circumstances of this case, the same is true of the services that were provided before the petition was filed. The services provided by the Orcutt firm between the time they received the $1,400 payment and the filing of the petition were in connection with the commencement of the Debtor's chapter 13 case. The $3,500 presumptive base fee elected by the Orcutt firm in this case includes compensation for those services as well as the usual

and ordinary usual post-petition services required of an attorney representing a debtor in a chapter 13 case. The firm's election to receive the presumptive fee amounts to an election to treat all of its services as part of its post-petition section 503(b)(2) claim. All of the services having been included in the firm's section 503(b)(2) claim, none of the services provided by the Orcutt firm are available as a basis for a new value defense. The result is that the $1,400 payment received by the firm is an avoidable preferential transfer under section 547 of the bankruptcy Code.

It is, therefore, ORDERED that no fees shall be distributed to the Orcutt firm in this case until the firm has paid the sum of $1,400 to the Trustee.

This 10th day of September, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Barry O. Graves
2250 Willie Pace Road
Burlington, NC 27217

Anita Jo Troxler, Trustee

Michael D. West, Bankruptcy Administrator